# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PUBLIC CITIZEN HEALTH RESEARCH GROUP,<br>    1600 20th Street NW<br>    Washington, DC 20009,<br><br>AMERICAN PUBLIC HEALTH ASSOCIATION,<br>    800 I Street NW<br>    Washington, DC 20001,<br><br>and,<br><br>COUNCIL OF STATE AND TERRITORIAL EPIDEMIOLOGISTS,<br>    2872 Woodcock Boulevard<br>    Suite 250<br>    Atlanta, GA 30341,<br><br>        Plaintiffs,<br><br>        v.<br><br>R. ALEXANDER ACOSTA, Secretary,<br>United States Department of Labor,<br>    200 Constitution Ave. NW<br>    Washington, DC 20210,<br><br>UNITED STATES DEPARTMENT OF LABOR,<br>    200 Constitution Ave. NW<br>    Washington, DC 20210,<br><br>and,<br><br>OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION,<br>    200 Constitution Ave. NW<br>    Washington, DC 20210,<br><br>        Defendants. | Civil Action No. 19-cv-166<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.  Plaintiffs bring this action under the Administrative Procedure Act (APA) to challenge a final rule issued by the Occupational Safety and Health Administration, a component of the Department of Labor under the authority of Secretary of Labor Alexander Acosta (collectively, OSHA) to rescind provisions of a rule issued in May 2016 that required certain covered establishments to electronically submit to OSHA information from OSHA Forms 300 and 301. The challenged rule, entitled "Tracking of Workplace Injuries and Illnesses," was published on January 25, 2019, at 84 Fed. Reg. 380, (the Rollback Rule), and rescinds key aspects of the final rule entitled "Improve Tracking of Workplace Injuries and Illnesses," 81 Fed. Reg. 29624 (May 12, 2016) (the Electronic Reporting Rule).

2.  The Rollback Rule should be declared unlawful and set aside because OSHA has failed to provide a reasoned explanation for its change in position, failed to adequately consider comments submitted in opposition to the change, and relied on considerations that have no sound basis in law. OSHA's action, findings, and conclusions are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. *See* 5 U.S.C. § 706(2)(A).

## JURISDICTION AND VENUE

3.  This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702.

4.  Venue is proper under 28 U.S.C. § 1391(e).

## PARTIES

5.  Plaintiff Public Citizen Health Research Group (HRG) is a division of Public Citizen, a nonprofit research, litigation, and advocacy organization that represents the public interest before the executive branch, Congress, and the courts. Among other things, HRG promotes research-based, system-wide changes in health care policy, including in the area of

occupational health, and advocates for improved safety standards at work sites. HRG intended to use the work-related injury and illness data submitted to OSHA and publicly disclosed pursuant to the Electronic Reporting Rule to conduct research on issues of workplace health and safety. HRG has often used information reported to government agencies and made available to the public to analyze threats to human health. For example, HRG has relied on publicly available OSHA data to issue reports on OSHA enforcement, to comment on workplace beryllium exposures, and to petition OSHA for a regulation on occupational heat stress. In addition, HRG has extensive experience utilizing publicly available data from other federal agencies, such as the Food and Drug Administration's pharmaceutical Adverse Event Reporting System and the Health Resources and Services Administration's National Practitioner Data Bank. Public Citizen submitted comments to OSHA in opposition to the Rollback Rule.

6. Plaintiff American Public Health Association (APHA) champions the health of people and communities and strengthens the profession of public health, shares the latest research and information, promotes best practices, and advocates for public health policies grounded in research. APHA represents over 20,000 individual members. APHA has an Occupational Health and Safety Section that advocates for the health, safety and well-being of workers, families, communities and the environment. The Section's members represent a multitude of disciplines from medicine, nursing and industrial hygiene to epidemiology, environmental health, statistics, community organizing, teaching, history, law and journalism. APHA's members intended to use the work-related injury and illness data submitted to OSHA under the Rule to conduct research on issues of workplace health and safety. APHA members often use information reported to government agencies and made available to the public to analyze threats to human health. For example, APHA members collaborate with community-

based organizations that educate workers about on-the-job safety. The data that OSHA would have received and made available to the public under the Electronic Reporting Rule would have assisted APHA members in developing training and education programs. APHA members would have used the data to map the injury incidence experience of workplaces in the localities served by the organizations. This information would have enhanced the safety training curriculum with community-specific and employer-specific data, and facilitated health promotion activities related to workplace safety. APHA submitted comments to OSHA in opposition to the Rollback Rule.

7.      Plaintiff Council of State and Territorial Epidemiologists (CSTE) is an organization of member states and territories representing public health epidemiologists. CSTE provides technical advice and assistance to partner organizations and to the federal Centers for Disease Control and Prevention (CDC). CSTE members work closely with the CDC to track work-related injuries, relying on multiple sources of data, including reports by employers to regulatory agencies. CSTE and their members rely on the type of data that was required to be reported electronically and made publicly available under the Electronic Reporting Rule to effectively track, investigate and prevent work-related injury and disease in the United States. CSTE epidemiologists have relied on reports from employers to identify serious and immediate threats to workplace health, including sudden death from methylene chloride in paint strippers used by trades workers; the inhalation of solvent vapors during gauging of tanks by oil and gas workers; serious and disabling injuries from repetitive work in poultry and meatpacking plants; and back injuries in nurses due to patient lifting and transferring. CSTE epidemiologists have used both state and national data to track the incidence of these work-related injuries and diseases, have performed public health investigations to understand the underlying risk factors

that exist in the workplace, and have used this information to implement public health recommendations and inform regulatory action that has led to the prevention of these serious and disabling conditions. Because of the rescission of the Electronic Reporting Rule's requirement that certain covered establishments electronically submit workplace injury and illness data to OSHA, CSTE members have lost access to an important source of timely, establishment-specific information. CSTE submitted comments to OSHA in in opposition to the Rollback Rule.

8. Defendant R. Alexander Acosta is the United States Secretary of Labor and the highest ranking officer in the Department of Labor (DOL). He is charged with the supervision and management of all decisions and actions of that agency. Plaintiffs sue Secretary Acosta in his official capacity.

9. Defendant DOL is an agency of the United States.

10. Defendant OSHA is the component of DOL that issued the Rollback Rule.

**STATEMENT OF FACTS**

11. OSHA's record-keeping regulation "requires employers with more than 10 employees in most industries to keep records of occupational injuries and illnesses at their establishments." 84 Fed. Reg. 380 (citing 29 C.F.R. § 1904). Such establishments must enter each recordable employee injury and illness on a "Log" (OSHA Form 300) and prepare a supplementary "Incident Report" that provides additional details about each case recorded (OSHA Form 301). At the end of each year, such establishments are required to complete a summary report derived from the information in the Log, using a form called the "Annual Summary Form" (OSHA Form 300A). *See* 29 C.F.R. § 1904.32(b).

12. Before 2016, OSHA received injury and illness data on an ad hoc basis through onsite inspections. From 1996 to 2012, it also received the data through the OSHA Data

Initiative (ODI), an annual survey through which OSHA requested Form 300A summary data from approximately 80,000 large establishments in certain high-hazard industries.

13. To provide OSHA a more effective way of targeting OSHA resources, as well as for research and other purposes, federal agencies and advisory groups have long recommended that OSHA develop a system requiring establishments to provide the agency with injury and illness data from the OSHA forms.

14. In November 2013, OSHA issued a proposed rule to require certain establishments to submit electronically to OSHA the information on Forms 300, 301, and 300A that they were already required to maintain. *See* 78 Fed. Reg. 67253 (Nov. 8, 2013). OSHA explained that "[t]he main purpose of this rulemaking is to improve workplace safety and health through the collection and use of timely, establishment-specific injury and illness data." *Id.* at 67258. OSHA stated that, to incentivize employers to increase safety at their workplaces and to allow for more effective research into work-related injuries and illnesses, it intended "to make public all of the collected data that neither FOIA … nor specific Part 1904 provisions prohibit from release." *Id.* at 67262.

15. On May 12, 2016, OSHA issued the Electronic Reporting Rule requiring the electronic submission of workplace injury and illness records. *See* 81 Fed. Reg. at 29623. In a section entitled "Benefits of Electronic Data Collection," OSHA explained that "[w]ith the information obtained through this final rule, employers, employees, employee representatives, the government, and researchers may be better able to identify and mitigate workplace hazards and thereby prevent worker injuries and illnesses." *Id.* at 29629. OSHA stated that "the electronic submission of recordkeeping data will help OSHA encourage employers to prevent worker injuries and illnesses by greatly expanding OSHA's access to the establishment-specific

information employers are already required to record under part 1904." *Id.* And OSHA stated, "This information will help OSHA use its enforcement and compliance assistance resources more effectively by enabling OSHA to identify the workplaces where workers are at greatest risk." *Id.* at 29629–30.

16.     When it published the Electronic Reporting Rule, OSHA explained that the data that must be submitted electronically does not include personally identifiable information and would, in any event, be subject to release under FOIA. OSHA has long required the same information to be made available at the worksite to employees, former employees, and their representatives.

17.     The Electronic Reporting Rule's effective date was January 1, 2017. The Electronic Reporting Rule mandated phased-in compliance deadlines for certain establishments with 250 or more employees and select establishments in high-risk industries with 20 or more employees (collectively, covered establishments) to electronically submit their injury and illness records to OSHA. *See* 29 C.F.R. § 1904.41(c).

18.     For 2016 injury and illness records, the Electronic Reporting Rule required covered establishments to electronically submit their 2016 summary Form 300As to OSHA by July 1, 2017. *See* 29 C.F.R. § 1904.41(c)(1) (2017). For 2017 injury and illness records, the Electronic Reporting Rule required covered establishments to submit electronically to OSHA information from OSHA forms 300, 301, and 300A by July 1, 2018. *See* 29 C.F.R. § 1904.41(c)(1) (2018). Beginning in 2019 and every year thereafter, covered establishments were required to submit the information on all three OSHA forms by March 2. *Id.* § 1904.41(c)(2). OSHA concluded that this phase-in would "provide sufficient time to ensure

comprehensive outreach and compliance assistance in advance of implementation." 81 Fed. Reg. at 29640.

19. OSHA stated in the preamble to the Electronic Reporting Rule that "OSHA intends to post the establishment-specific injury and illness data it collects under this final rule on its public Web site at www.osha.gov." 81 Fed. Reg. at 29625. OSHA explained that it would make publicly available all of the fields collected in OSHA Forms 300 and 300A, as well as all fields on OSHA Form 301 that did not include personally identifying information. *Id.* at 29651.

20. On June 28, 2017, OSHA issued a notice of proposed rulemaking (NPRM) to delay the compliance deadline for electronic submission of 2016 Form 300A data from July 1, 2017, to December 1, 2017. *See* 82 Fed. Reg. 29261 (June 28, 2017). OSHA noted that it intended to issue a separate proposal to reconsider, revise, or remove other provisions of the Electronic Reporting Rule, but that the proposed rule addressed only the July 1, 2017, compliance deadline for submission of Form 300A data. *See id.* at 29261–62.

21. On November 24, 2017, the agency issued a final rule delaying the compliance deadline for the submission of 2016 Form 300A data from July 1, 2017, to December 15, 2017. *See* 82 Fed. Reg. 55761 (Nov. 24, 2017). The rule did not alter any other deadlines.

22. In May 2018, OSHA announced the suspension of the July 1, 2018, deadline for the electronic submission of 2017 OSHA Forms 300 and 301. OSHA did not publish a notice of its action in the Federal Register and did not solicit public comment. Instead, OSHA announced the suspension of the deadline for the 2017 data on its website. Specifically, OSHA announced that it would not accept submissions of Form 300 and 301 information because it intended to issue an NPRM to rescind the Electronic Reporting Rule's requirement that covered establishments electronically submit to OSHA information from OSHA Forms 300 and 301.

Thus, OSHA has not yet received the data submissions from Forms 300 and 301 that the Electronic Reporting Rule mandated.

23. On July 30, 2018, OSHA issued an NPRM proposing to rescind the Electronic Reporting Rule's requirement that covered establishments electronically submit information from their OSHA Forms 300 and 301 to OSHA. 83 Fed. Reg. 36494.

24. OSHA received 1,880 comments on the proposed rule.

25. On January 25, 2019, notwithstanding the government shutdown and funding lapse of the Federal Register, OSHA's Rollback Rule was published as a final rule in the Federal Register.

26. OSHA has failed to provide a reasoned explanation for reversing its position regarding the risks and benefits of requiring covered establishments to electronically submit to OSHA information from OSHA Forms 300 and 301.

27. OSHA states in the preamble to the Rollback Rule that collecting the Form 300 and 301 data, as required by the Electronic Reporting Rule, "would subject sensitive worker information to a meaningful risk of public disclosure." 84 Fed. Reg. at 383. OSHA admits, however, that such sensitive data "would be exempt from disclosure under FOIA," *id.*, that the Electronic Reporting Rule did not require employers to submit personal identifying information (PII), and that commenters who raised worker privacy concerns were "under the mistaken impression that employers would be required to submit PII." *Id.* at 384. Further, OSHA concedes that other federal and state agencies have collected similar data for years and experienced none of the problems OSHA predicts. *Id.* at 384.

28. OSHA concedes that the Form 300 and 301 information cannot be considered confidential because "workers have a right under 29 CFR 1904.35 to access to their own

employers' 300 and 301 data." *Id.* at 392. Indeed, OSHA admits that it "will continue to request copies of Forms 300 and 301 during its inspections." *Id.* Such forms, once collected, are routinely produced under FOIA.

29.     OSHA asserts that the benefits of collecting the Form 300 and 301 data to "OSHA's enforcement targeting and compliance assistance activities remain uncertain." *Id.* at 389. OSHA ignores, however, the benefit to worker health and safety that could be realized by collecting the data for research and analysis by entities other than OSHA—benefits that OSHA identified when it issued the Electronic Reporting Rule.

## CAUSE OF ACTION

1.     The APA empowers this Court to "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

2.     The Rollback Rule is final agency action.

3.     OSHA has failed to provide a reasoned explanation for reversing its position regarding the risks and benefits of requiring covered establishments to electronically submit to OSHA information from OSHA Forms 300 and 301.

4.     The Rollback Rule is not a product of reasoned decision-making, lacks support in the record, and will undermine worker health and safety.

5.     OSHA failed to respond adequately to comments submitted in response to the proposed rule that opposed rescinding the electronic reporting requirement.

6.     OSHA's rescission of the Electronic Reporting Rule's requirement that covered establishments electronically submit to OSHA information from OSHA Forms 300 and 301 is arbitrary, capricious, or an abuse of discretion, in contravention of the APA.

**PRAYER FOR RELIEF**

Wherefore, plaintiffs request that this Court:

A.    Declare that defendants' rescission of the Electronic Reporting Rule's requirement that covered establishments electronically submit to OSHA information from OSHA Forms 300 and 301 violates the APA, because it is arbitrary, capricious, an abuse of discretion, or contrary to law;

B.    Vacate the portion of the Rollback Rule that rescinded the requirement that covered establishments submit OSHA Form 300 and 301 data to OSHA electronically;

C.    Order defendants to require and accept submissions required by the Electronic Reporting Rule within 30 days of the Court's order;

D.    Award plaintiffs their costs and reasonable attorney fees; and

E.    Grant all other appropriate relief.

Dated: January 25, 2019                    Respectfully submitted,

/s/ Michael T. Kirkpatrick
Michael T. Kirkpatrick (D.C. Bar No. 486293)
Allison Zieve (D.C. Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*